IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD G. FRAZEE,<br>TAX MATTERS PARTNER,<br>MARSH MOUNTAIN LIMITED LIABILITY CO.,<br><br>       Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant | Civil Action No. WMN-02-1816 |

### PROPOSED PRE-TRIAL ORDER

Pursuant to Local Rule 106, the parties submit this proposed pre-trial order:

a.  <u>Brief statement of facts that each plaintiff proposes to prove in support of that plaintiff's claims, together with a listing of the separate legal theories relied upon in support of each claim.</u>

Marsh Mountain Limited Liability Company ("Marsh Mountain") is a Maryland limited liability company with its principal place of business in Garrett County, Maryland.  Marsh Mountain is treated as a partnership for federal income tax purposes.  Pursuant to § 6231 of the Internal Revenue Code, Edward G. Frazee is designated as the "tax matters partner."  Edward G. Frazee owns a 12.5% interest in Marsh Mountain; the remaining members of Marsh Mountain are all members of the extended family of Edward G. Frazee.  Karen F. Myers, Edward G. Frazee's daughter, is active in real estate development and marketing in Garrett County, Maryland, and has been the person principally responsible for day-to-day activities on behalf of Marsh Mountain.

In January, 1995, Marsh Mountain acquired a tract of unimproved land in Garrett County, Maryland, comprising 2,383 acres and known as the "Brenneman tract."  On December 21, 1998, Marsh

Mountain conveyed 550 acres of the Brenneman tract to Garrett County Maryland Community Action, Inc., a non-profit organization, as a gift.

On its Form 1065, United States Partnership Income Tax Return, for calendar year 1998, Marsh Mountain valued the fair market value of the donation of the 550 acre parcel at $2,750,000, or $5,000 per acre. This valuation was determined by an appraisal dated December 14, 1998, performed by A. Ted Golden, MAI.

The Internal Revenue Service examined the donation, and concluded that, in its opinion, the value of the donated parcel was less than that claimed by Marsh Mountain. On March 14, 2002, the Internal Revenue Service issued a Notice of Final Partnership Administrative Adjustments (FPAA), in which it determined that the fair market value of the donated parcel as of the date of the gift was $1,100,000, or $2,000 per acre. Accordingly, the Internal Revenue Service increased the collective taxable income of Marsh Mountain's partners by $1,650,000 for calendar year 1998.

In the FPAA, the Internal Revenue Service also determined that the accuracy-related penalty under §6662 of the Internal Revenue Code should apply to any increase in tax resulting from the adjustment to the value of the land donation. The §6662 penalty, as relevant here, applies to "any substantial valuation misstatement." The Code provides that such a misstatement occurs when the value of property claimed on a return is 200 per cent or more of the amount determined to be the correct valuation.

The Internal Revenue Code also provides that the accuracy-related penalty under §6662 arising from an alleged substantial valuation misstatement does not apply where there was reasonable cause for the understatement and the taxpayer acted in good faith. In these circumstances, the Code requires that,

to demonstrate "reasonable cause," the tax payer must demonstrate that the value of the property claimed on the return was based on a "qualified appraisal" made by a "qualified appraiser."

The Internal Revenue Code and related regulations define "qualified appraisal" and "qualified appraiser." The FPAA did not allege that the appraisal prepared by Mr. Golden was not a "qualified appraisal" or that Mr. Golden was not a "qualified appraiser" as those terms are defined by the Code and regulations.

Mr. Golden died before the FPAA was issued. Plaintiff subsequently obtained another appraisal of the donated property by Michael Goodfellow, who determined that the fair market value of the property as of the date of the gift was $2,640,000, or $4,800 per acre. Plaintiff will offer the testimony of Mr. Goodfellow to explain his conclusions, and will ask the Court to find that the value of the property as of December, 1998 was not less than $2,640,000.

If the Court finds that the value of the property as claimed on Marsh Mountain's tax return was $1,375,001 or more, then Marsh Mountain did not overstate its value by 200%, and the accuracy-related penalty does not apply. If the Court finds that the value was less than that amount, the accuracy related penalty should not apply in any event because Marsh Mountain acted with reasonable cause and in good faith because it obtained a "qualified appraisal" by a "qualified appraiser" and otherwise acted in good faith in determining the value of the donated land. Plaintiff will offer the testimony of Karen F. Meyers and Edward G. Frazee to describe the history of Marsh Mountain's acquisition of the Brenneman tract, its negotiation of the land donation, its understanding of the characteristics and uses of the donated land, and the acquisition of the Golden appraisal.

b. **Brief statement of facts that each defendant proposes to prove or rely upon as a defense thereto, together with a listing of the separate legal theories relied upon in support of each affirmative defense.**

Defendant asserts that plaintiff's valuation of the real property is significantly overstated. Defendant will Offer the testimony of David H. Brooks, an appraiser with the firm of Lipman, Frizzell & Mitchell, LLC. Mr. Brooks conducted an appraisal of the property and determined that the fair market value as of the date of the gift was $1,100,000, or $2,000 per acre. Defendant will offer the testimony of Mr. Brooks to explain his conclusions, and will ask the Court to find that the value of the property as of December 1998 was not more than $1,100,000.

Defendant asserts that the substantial valuation misstatement penalty arising under 26 U.S.C. § 6662 was properly assessed.

c. **Similar statements as to any counterclaim, crossclaim or third party claim.**

There are no such claims.

d. **Any amendments required of the pleadings.**

None.

e. **Any issue in the pleadings that is to be abandoned.**

None.

f. **Stipulations of fact or, if the parties are unable to agree, requested stipulations of fact.**

See Attachment A hereto (Stipulations of Fact).

g. **Details of the damages claimed or other relief sought as of the date of the pretrial conference.**

Plaintiff does not request damages *per se*. It requests that the Court determine that the value of the donated property as of December, 1998 was as claimed on Marsh Mountain's Form 1065 and that,

- 5 -

accordingly, that the adjustment in the FPAA be reversed. Plaintiff also requests that the court determine that no penalty under § 6662 of the Internal Revenue Code should be imposed.

h. <u>A listing of each document or other exhibit, including summaries of other evidence, other than those expected to be used solely for impeachment, separately identifying those which each party expects to offer and those which each party may offer if the need arises. The listing shall indicate which exhibits the parties agree may be offered in evidence without the usual authentication.</u>

See Attachment B hereto. (Exhibit List)

i. <u>A list for each party of the name , address and telephone number of each witness, other than those expected to be called solely for impeachment, separately identifying those whom the party expects to present and those whom the party may call if the need arises.</u>

*For Plaintiff*
Karen F. Myers
23789 Garrett Highway
McHenry, MD 21541
(301) 387-4700

Edward G. Frazee
23789 Garrett Highway
McHenry, MD 21541
(301) 387-4700

Michael Goodfellow
55 Driftwood Drive
Swanton, MD 21561
(301) 387-7139

Plaintiff <u>may</u> call if the need arises:

Steve Richards
215 Ruffed Grouse Lane
Oakland, MD

Henry Moomau
Potomac Engineering
3000 Mayer Center
Oakland, MD 21550

Pamela F. Schwer
(formerly Pamela Lobb)
P.O. Box 520
316 E. Main Street
Kingswood, VA  26537

*For Defendant*
David H. Brooks
Lipman Frizzell & Mitchell LLC
8815 Centre Park Drive
Suite 200
Columbia MD  21045
(410) 423-2300

j.  A list for each party of the name and specialties of experts the party proposes to call as witnesses.

*For Plaintiff*
Michael Goodfellow – real estate appraisal

*For Defendant*
David H. Brooks – real estate appraisal


k.  A list of the pages and/or lines of any portion of a deposition to be offered in a party's case-in-chief or any counter-designations under Fed. R. Civ. P. 32(a)(4).


None.

l.  any other pretrial relief, including a reference to pending motions, which is requested.

None.


                                                                     
Paula M. Junghans
Bar No. 589
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Telephone:  (202) 861-3905
Paula.Junghans@Piperrudnick.com

*Attorney for Plaintiff*

|  | Jason S. Zarin<br>Bar No. 14584<br>Trial Attorney – Tax Division<br>United States Department of Justice<br>PO Box 227<br>Ben Franklin Station<br>Washington DC  20044<br>(202) 514-0472<br>Jason.S.Zarin2@USDOJ.gov |
|---|---|
| 4565279 | *Attorney for Defendant* |

IN THE UNITED STATES  DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD G. FRAZEE,<br>TAX MATTERS PARTNER,<br>MARSH MOUNTAIN LIMITED LIABILITY CO.,<br><br>          Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant | Civil Action No. WMN-02-1816 |

## STIPULATIONS OF FACT

1. Marsh Mountain Limited Liability Company ("Marsh Mountain") is a Maryland limited liability company formed in 1994, with its principal place of business in Garrett County, Maryland.  Its federal identification number is 52-1933321.

2. Marsh Mountain is treated as a partnership for tax purposes.

3. Edward G. Frazee is designated as the "tax matters partner" of Marsh Mountain.

4. The members of Marsh Mountain and their respective percentages of ownership are:

| | |
|---|---|
| Edward G. Frazee | 12.5% |
| Gary L. McCarty | 12.5% |
| Michael W. McCarty | 12.5% |
| Karen F. Myers | 12.5% |
| Mary F. Walls | 12.5% |
| Brandi Marie Frazee Trust | 4.1667% |
| Heidi Jean Frazee Trust | 4.1667% |
| Bridget Frazee Trust | 4.1667% |
| Alpha Joyce Scott Frazee | 12.5% |
| Barry Frazee | 12.5% |

5. In August, 1994, Karen F. Spiker (now Karen F. Myers), as trustee, purchased at foreclosure auction a 2,383 acre tract of land in Garrett County, Maryland known as the "Brenneman tract." The purchase price was $2.5 million, or $1,049 per acre.

6. On January 25, 1995, Karen F. Spiker, Trustee, conveyed the Brenneman tract to Marsh Mountain LLC for no consideration.

7. On January 25, 1995, Marsh Mountain entered into a Purchase Option Agreement with DC Development, LLC which gave DC Development the option to acquire the acreage in the Brenneman tract in exchange for specified annual payments.

8. Marsh Mountain LLC is a member of DC Development LLC.

9. Between 1995 and 1998, DC Development engaged in site engineering and marketing activities related to the development of the Brenneman tract.

10. During 1998, Marsh Mountain explored the possibility of conveying approximately 550 acres of the Brenneman tract to a non-profit organization, including the Maryland Environmental Trust and Adventure Sports, Inc.

11. On December 1, 1998, DC Development LLC relinquished its option with respect to 550 acres of land in the Brenneman tract to permit Marsh Mountain to donate those acres to a non-profit

Case 1:02-cv-01816-WMN    Document 11    Filed 03/11/2004    Page 9 of 14
PRE-TRIAL ORDER

organization. DC Development retained its option with respect to the remaining acreage in the Brenneman tract.

12. On December 21, 1998, Marsh Mountain LLC conveyed 550 acres of the Brenneman tract to Garrett County, Maryland Community Action, Inc.

13. Garrett County, Maryland Community Action, Inc. is qualified as a non-profit organization under §501(c)(3) of the Internal Revenue Code.

14. On September 22, 2000, Garrett County, Maryland Community Action, Inc. conveyed the 550 acre tract to Adventure Sports Center, Inc. for no consideration.

15. Marsh Mountain filed its Form 1065, U.S. Partnership Return of Income, for calendar year 1998 on or about April 15, 1999.

16. On its Form 1065 for 1999, Marsh Mountain took a deduction on Schedule K, line 8, "charitable contributions", in the amount of $2,750,000.

17. Marsh Mountain's Form 1065 for 1999 included Form 8283, "Noncash Charitable Contributions," on which Marsh Mountain disclosed that it had contributed 550 acres of land at Deep Creek Lake valued at $2,750,000 to Garrett County, Maryland Community Action Committee, Inc. Form 8283 included a declaration of E. Ted Golden, that he had appraised the property as of December 14, 1998, and an acknowledgement by Garrett County, Maryland Community Action Committee that it had received the property.

18. E. Ted Golden, MAI, appraised the property as of December 14, 1998, which was not more than 60 days prior to the date on which Marsh Mountain contributed the property to Garrett County Community Action, Inc.

19. On March 14, 2002, the Internal Revenue Service issued a Notice of Final Partnership Administrative Adjustment (FPAA) to the Tax Matters Partner of Marsh Mountain.

20. The FPAA adjusted the value of Marsh Mountain's land donation from $2,750,000 to $1,100,000.

21. The FPAA asserted an "IRC 6662 Accuracy Related Penalty-Substantial Valuation Misstatement." The FPAA stated that the penalty was asserted "[b]ased on the fact that Marsh Mountain claimed a charitable contribution of a tract of land they gave a value of $2,750,000, and the government found it value to be only $1,100,000…."

22. The FPAA did not assert that Mr. Golden's appraisal was not a "qualified appraisal" or that he was not a "qualified appraiser."

23. On May 14, 2002, Edward G. Frazee deposited with the Internal Revenue Service the sum of $82,500, pursuant to IRC §6662(e)(I).

24. On May 28, 2002, Edward G. Frazee filed his Complaint (Petition for Re-adjustment of Partnership Items) in this case.

Paula M. Junghans
Bar No. 589
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
Telephone: (202) 861-3905
Paula.Junghans@Piperrudnick.com

*Attorney for Plaintiff*

                                                                     Jason S. Zarin  
                                                                     Bar No. 14584  
                                                                     Trial Attorney – Tax Division  
                                                                     United States Department of Justice  
                                                                     PO Box 227  
                                                                     Ben Franklin Station  
                                                                     Washington DC  20044  
                                                                     (202) 514-0472  
4565285                                                       Jason.S.Zarin2@USDOJ.gov

                                                                   *Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD G. FRAZEE,<br>TAX MATTERS PARTNER,<br>MARSH MOUNTAIN LIMITED LIABILITY CO.,<br><br>    Plaintiff<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant | Civil Action No. WMN-02-1816 |

## EXHIBIT LIST

1. **Appraisal of 2,383 acres ("Brenneman tract") dated May 17, 1994 by Herbert S. Lambert of First United National Bank and Trust.**

2. Foreclosure deed from Horace P. Whitworth, Jr. and W. Dwight Stover, Trustees, to Karen F. Spiker, Trustee, June 9, 1994.

3. Deed from Karen F. Spiker, Trustee, to Marsh Mountain LLC, January 25, 1995.

4. Purchase Option Agreement between Marsh Mountain LLC and DC. Development LLC, January 25, 1995.

5. Letter from DC Development LLC to Marsh Mountain LLC, December 1, 1998 re release of 550 acres from purchase option agreement.

6. Letter from Marsh Mountain LLC to DC Development LLC, December 1, 1998, re waiver of term

7. Amended Articles of Incorporation for Adventure Sports Center, Inc., December 2, 1998.

- 12 -

8. Articles of Incorporation, By-Laws and tax exempt status certification for Garrett County Community Action Committee, Inc.

9. Letter from DC Development to Maryland Environmental Trust, November 10, 1998

10. Letter from Maryland Environmental Trust to DC Development, November 17, 1998

11. Memorandum from Maryland Environmental Trust to Karen Myers, November 18, 1998

12. Letter from DC Development to Maryland Environmental Trust, November 18, 1998

13. Memorandum from Barbara Levin to Maryland Environmental Trust, November 20, 1998

14. Handwritten schedule of Lots 1-274 with attached layout drawing (Myers Dep. Ex. 5)

15. Memorandum, "Recap DC Development Meeting", November 24, 1998 (Myers Dep. Ex. 9)

16. Schedule of lots 1-274 with attached site elevation map and slope study (Myers Dep. Ex. 6)

17. Fax memo from Maloney & Associates re "info on appraisal", December 3, 1998

**18. Appraisal by E. Ted Golden, December 14, 1998**

19. Deed from Marsh Mountain LLC to Garrett County, Maryland Community Action Committee, Inc, December 21, 1998.

20. Appraisal by Michael Goodfellow, March 19, 2001.

21. Concept plan of Wisp area.

**22 – 29 (Reserved)**

30. Form 1065, U.S. Partnership Return of Income, Marsh Mountain LLC, 1999.

31. Notice of Final Partnership Administrative Adjustment, March 14, 2002.

32. Appraisal by David Brooks, October 16, 2001.

33. Appraisal by David Brooks, October 29, 2001.

34. Appraisal by David Brooks, September 25, 2000

*The parties stipulate to the authenticity of the above-named exhibits, <u>except</u> those printed in bold (Nos. 1, 18, 22-29).

                                                                Paula M. Junghans
                                                                Bar No. 589
                                                                1200 Nineteenth Street, N.W.
                                                                Washington, D.C. 20036-2412
                                                                Telephone: (202) 861-3905
                                                                Paula.Junghans@Piperrudnick.com

                                                                *Attorney for Plaintiff*

                                                                Jason S. Zarin
                                                                Bar No. 14584
                                                               Trial Attorney – Tax Division
                                                                United States Department of Justice
                                                                PO Box 227
                                                                Ben Franklin Station
                                                                Washington DC  20044
                                                                (202) 514-0472
                                                                Jason.S.Zarin2@USDOJ.gov

4565287

                                                                *Attorney for Defendant*